No. 696 July 22, 2026 679

***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

WILLIAM MANUEL MADEROS II,
aka William Manuellll Maderos III,
*Defendant-Appellant.*

Washington County Circuit Court
23CR36554; A182622

Andrew Erwin, Judge.

Submitted September 8, 2025.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Sarah De La Cruz, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Elise Josephson, Assistant Attorney General, filed the brief for respondent.

Before Aoyagi, Presiding Judge, Egan, Judge, and Pagán, Judge.

PAGÁN, J.

Affirmed.

Aoyagi, P. J., dissenting.

**PAGÁN, J.**

Defendant appeals his conviction after a bench trial of menacing constituting domestic violence, ORS 163.190; ORS 132.586, contending in a single assignment of error that the trial court erred in denying his motion for judgment of acquittal. Viewing the evidence in the light most favorable to the state, to determine whether a rational trier of fact, accepting reasonable inferences and reasonable credibility choices, could have found the essential elements of the crime beyond a reasonable doubt, *State v. Fuller*, 303 Or App 47, 48, 463 P3d 605 (2020), we conclude that the trial court did not err and therefore affirm.

We summarize briefly the applicable legal context. The offense of menacing is committed "if by word or conduct the person intentionally attempts to place another person in fear of imminent serious physical injury." ORS 163.190(1); *State v. Garcias*, 296 Or 688, 699, 679 P2d 1354 (1984) (reasoning that ORS 163.190(1) does not violate Article I, section 8, of the Oregon Constitution because "the threatened harm must be imminent and serious"). We have said that, understood in the "usual" sense, to be "imminent," the threatened harm need not be immediate. *State ex rel Juv. Dept. v. Dompeling*, 171 Or App 692, 695, 17 P3d 535 (2000) (internal quotation marks omitted). A threat is "imminent" if "the threatened injury is near at hand, impending, or menacingly near." *State v. Hejazi*, 323 Or App 752, 757, 524 P3d 534 (2023) (quoting *Dompeling*, 171 Or App at 695).

The standard to be applied in evaluating the evidence under ORS 163.190(1) is an objective one, to be evaluated under the totality of the circumstances. *State v. C. S.*, 275 Or App 126, 128, 365 P3d 535 (2015). Thus, the defendant's words and conduct must be such as would have caused fear of "imminent serious physical injury" in an objectively reasonable person. *Id*. at 132.

Contextual factors are relevant in determining whether expressive contact is an unequivocal threat of serious physical harm. *State v. Theriault*, 300 Or App 243, 254, 452 P3d 1051 (2019) (explaining that a defendant's intent to

instill fear in the victim may be inferred from "a defendant's entire course of conduct").

Viewed in the light most favorable to the state, the evidence presented at trial shows that late one night, defendant and his wife, T, had a lengthy argument after having consumed a quantity of alcohol, and they were both intoxicated. As defendant napped on the couch downstairs, T went upstairs and called her sister on her cell phone. Defendant heard the conversation and came upstairs, asking T if she was talking to her ex-boyfriend, Corey. T denied it and hung up on her sister.[1]

From his position at the top of the stairs, defendant then growled angrily and accused T of talking about Corey, asking T why she would do that. Defendant spoke angrily, walking slowly toward T in the hallway and hitting a wall light switch loudly as he approached. He continued to ask T angrily why she was talking about Corey. As defendant approached T, he made the statements that formed the basis for the menacing charge: "I'm fucking danger." "I'll knock your fucking head off." "I'll beat your ass to the fucking oblivion." T responded, "What are you going to do?" "You're going to knock me out?" "Knock me out, do it."

T recorded the exchange on her cell phone, and sent the recording to her sister, who called the police, resulting in an investigation and the charged offense. During the police investigation, recorded by police bodycam, T told police that she did not want defendant to be arrested. She told them that she did not think that defendant would carry out his threats, but that defendant's conduct had frightened her.

At trial, T testified that, during the exchange with defendant, she was intoxicated and for that reason exaggerated her statements to the police, "being upset with my husband and just saying dumb things." T testified that she was not afraid of defendant or that he would carry out his threats, and that, as defendant started to walk away in the hall, she deliberately antagonized him with her responses, because she "just wanted to argue." She testified that she

---

[1] T's sister testified that T placed her phone on speaker and that the sister spoke up to establish for defendant that it was her, and that she and T continued their conversation for 20 to 30 minutes more.

sent the recording to her sister because she thought defendant's behavior was "dumb" but that it was a dumb video that was not for anyone else to see and that she had not expected her sister to send it to the police.

Defendant made a motion for judgment of acquittal, asserting that the state's evidence did not meet the statutory elements and, relatedly, did not satisfy the standard required by *State v. Rangel*, 328 Or 294, 303, 977 P2d 379 (1999), when the charged conduct constitutes speech.[2]

In denying defendant's motion for judgment of acquittal, the trial court discussed the evidence described above. The court also noted defendant's large size relative to T's size and his physical conduct in hitting the wall and approaching T. The court noted defendant's specific threats to do bodily harm to T. The court concluded that the state's evidence was sufficient to meet its burden to prove the statutory element of intentionally attempting to place another person in fear of imminent serious physical injury, and was also sufficient under *Rangel*. The court therefore denied defendant's motion for judgment of acquittal.

On appeal, defendant argues that the state's evidence lacked the statutory element of a threat of imminent serious physical injury, as required by ORS 163.190. He contends that defendant's statements in the hallway were vague and hyperbolic, that they did not indicate that harm was menacingly near, and did not show imminence or specificity, as required by our case law. For example, defendant notes that he did not behave in way that was physically directed toward T and that he could not literally have knocked T's head off or beat her to oblivion, as he threatened, arguing that the threats were hyperbolic. Defendant further argues that his actions—walking away from T after their

---

[2] Under *Rangel*, a case in which the court evaluated the sufficiency of the evidence on a charge of stalking, when the charged conduct constitutes speech, to avoid constitutional implications, the words or conduct must constitute a "threat." 328 Or at 303. A "threat" is a communication that creates a fear of imminent and serious personal violence, is unequivocal, and is objectively likely to be followed by unlawful action. *Id.* A threat is "imminent" if it is one that is "ready to take place" or "near at hand." *S. L. L. v. MacDonald*, 267 Or App 628, 633, 340 P3d 773 (2014). A threat does not include hyperbole, rhetorical overstatement, or ineffectual expressions of anger. *Rangel*, 328 Or at 303.

argument—indicated that his words were empty threats without any intent to inflict imminent serious physical harm to T. The state responds that defendant's conduct showed both imminence and specificity, as required by ORS 163.190.

Having reviewed the record, we conclude that the state's evidence was sufficient to allow a factfinder to find that, by his words and his physical conduct in approaching T in the hallway, defendant intentionally attempted to place T in fear of imminent serious physical injury such as would have caused T objectively reasonable fear of "imminent serious physical injury." The Supreme Court has said that the offense of menacing may be committed by words alone, provided they are being used as a means to attempt to evoke fear of assault in the listener and the threatened harm is "imminent and serious." *State v. Anderson*, 374 Or 326, 343, 577 P3d 746 (2025) (internal quotation marks omitted). And, as we held in *Dompeling*, 171 Or App at 695, the threatened serious physical injury need not be immediate. It is true, as defendant argues, that, after threatening T, defendant walked away without carrying out his threats. But defendant's words, although exaggerated, nonetheless expressed an intention to frighten T to reasonably believe that his threats to injure her were "near at hand, impending, or menacingly near." *Id.*

Defendant relies on *Hejazi*, in which we held that threats made by the defendant were not imminent. We agree with the state that *Hejazi* is distinguishable. There, the defendant, a stranger to the victim, threatened the victim on a public street as he was walking away. We held that the threat of harm was not imminent. *Id.* 323 Or App at 758. Here, after hours of fighting, defendant threatened his wife in the privacy of their home, while standing close to her. We agree with the state that here, the statutory element of imminence was met.

Defendant further argues that his conduct toward T on which the charge is based was expressive and was subject a heightened standard of scrutiny under *Rangel*. Defendant asserts that the evidence was insufficient to establish that defendant made an unequivocal threat of imminent and serious personal violence that was objectively likely to be followed by unlawful action.

The state disputes that *Rangel* requires a separate analysis here, where the elements of menacing have been established. We agree with the state that because the evidence presented by the state was sufficient to satisfy all elements of menacing, defendant's constitutional right to free speech was implicated by application of the statute to his conduct. *Garcias*, 296 Or at 698 (rejecting free speech challenge to the menacing statute, explaining that the statute does not regulate expression, but regulates "generation of fear"); *see also Hejazi*, 323 Or App at 762 (evaluating whether expressive conduct constituted menacing separately from whether the same conduct was sufficient to prove stalking under *Rangel*).

Affirmed.

**AOYAGI, P. J.,** dissenting.

"A person commits the crime of menacing if by word or conduct the person intentionally attempts to place another person in fear of imminent serious physical injury." ORS 163.190(1). "'Serious physical injury' means physical injury which creates a substantial risk of death or which causes serious and protracted disfigurement, protracted impairment of health or protracted loss or impairment of the function of any bodily organ." ORS 161.015(8). "Imminent" means "near at hand, impending, or menacingly near." *State v. Hejazi*, 323 Or App 752, 757, 524 P3d 534 (2023) (internal quotation marks omitted).

A person may commit menacing through words alone, but the physical circumstances in which words are spoken often provide necessary context, especially as relevant to imminency. *State v. Garcias*, 296 Or 688, 696-97, 696 n 7, 679 P2d 1354 (1984). For example, a person telling another person that they are going to shoot them would constitute menacing if the speaker had their hand in their coat pocket as if holding a gun, but not if the speaker was standing with obviously empty hands at their sides and without any apparent present ability to carry out the threat. *Id.* at 696 & n 7; *see also State v. Rangel*, 328 Or 294, 303, 977 P2d 379 (1999) (to avoid constitutional issues, when a person is charged with a crime based on speech, the speech must be a "threat," which means a communication that creates a fear

of imminent and serious personal violence, is unequivocal, and is objectively likely to be followed by unlawful action).

In my view, although this is a close case, the evidence ultimately falls short of being legally sufficient to find defendant guilty of menacing. The charged conduct was captured on video, so defendant's words and actions are documented and not in dispute. Basically, defendant and T had been arguing for hours, defendant fell asleep, and then defendant overheard a conversation between T and her sister Roberta. Defendant cussed and insulted T while they argued about her talking to her sister about her ex-boyfriend, and defendant eventually said that he would "knock [T's] fucking head off," "knock [her] the fuck out," and "beat [her] ass into the fucking oblivion" and "Trevor's as well" (Trevor is Roberta's husband) and "[Roberta]'s as well." Defendant walked back and forth in the hallway during the argument, coming within approximately three to four feet of T at one point. Defendant did not make any threatening gestures or physically touch T. There is no evidence of any history of physical violence between defendant and T.

Even when viewed in the light most favorable to the state, defendant's words, tone, and physical movements evinced anger and frustration but did not suggest imminent serious physical violence. Imminence is a required element of menacing. ORS 163.190(1); *see also M. R. D. / K. R. K. v. J. H. D.*, 350 Or App 57, 65, ___ P3d ___ (2026) ("A threat does not include hyperbole, rhetorical overstatement, or ineffectual expressions of anger."); *e.g.*, *Hejazi*, 323 Or App at 758-59 ("[E]ven assuming that defendant's threats were realistic and not fantastical and considering the facts in the light most favorable to the state, we conclude that the record lacked sufficient evidence to show that defendant's threat of serious harm was imminent. Although we do not doubt that defendant's conduct incited alarm and fear and was undoubtedly disturbing for R, a conviction for the charge of menacing requires more.").

Because I would hold that the evidence was legally insufficient to establish the crime of menacing, and thus that it was error to deny the motion for a judgment of acquittal, I respectfully dissent.